BOLING, ADMINISTRATOR, *v.* McCLELLAND ET AL.

WILL.—*Construction of.*—*Personal Property devised absolutely.*—*Life-Estate. Direction to Executor to Sell.*—A testator, by his will, devised to his wife

certain real estate for her life ; and the will then continued : "And, as to my personal estate, I direct as follows : First. To my wife I bequeath" certain personal property, which is described. "And I also order and decree, that all my property, both personal and real, *belonging* to my estate at the death of my beloved wife, provided that she outlives me, shall be sold by my executor,  *  *  *  and that said estate shall be equally distributed among my legal heirs." The wife outlived the testator.

*Held,* that the will gave to the wife absolutely the specific personal property mentioned.

*Held,* also, that the word "belonging" has reference to the time of the death of the testator's wife ; and the direction to sell embraces such property only as might then belong to the testator's estate. This would not include the property specifically bequeathed to his wife.

From the Washington Circuit Court.

*H. Heffren* and *J. A. Zaring,* for appellant.

*D. M. Alspaugh* and *J. C. Lawler,* for appellees.

WORDEN, C. J.—James Dickson, deceased, left the following will :

" I, James Dickson, of Washington county, in the State of Indiana, make and publish this my last will and testament : First. I direct that my body be decently interred, and that my funeral be conducted in a manner corresponding with my estate and situation in life ; and as to my worldly estate I dispose of the same in the following manner, to wit :

" First. I direct that all my funeral expenses first be paid ; and, secondly, that all my just debts be paid out of my personal estate, as soon after my decease as possible. I also will and bequeath to my wife, Jane Dickson, my entire real estate, where I now live, in the town of Canton, to hold the same to her own use and benefit, during her natural lifetime ; and as to my personal estate, I direct as follows : First. To my wife I bequeath my roan mare (known by the name of Jenny Lind), and also my buggy and buggy harness ; also my cow, and also all my household and kitchen furniture, with all my sale notes that are due the 15th day of October, 1868 ; also all

the notes now held by me against William Miller, executed on the 17th day of October, 1867, one of them drawn for five hundred dollars, due in four years, and the other for five hundred dollars, due in five years. And I also order and decree, that all my property, both personal and real, belonging to my estate at the death of my beloved wife, provided that she outlives me, shall be sold by my executor, either at public or private sale, as he, in his judgment, may think best at the time, and that said estate shall be equally distributed among my legal heirs."

Then follows the nomination of an executor and the usual conclusion of a will.

James Dickson, the testator, died in 1869, and Jane, his wife, in 1879.

Without stating how the question arose, it will be sufficient to set out the following agreement of the parties as to the point to be decided :

" It was further agreed that the question to be decided herein was, whether the last will and testament of James Dickson gave the personal property specifically mentioned in the will to said Jane Dickson for life, or whether it was a specific bequest to her absolutely. And it was further agreed, that if said will gave only a life-estate to said property to Jane Dickson, there should be a finding and judgment for the plaintiff, but that if it was an unconditional and absolute bequest to said Jane Dickson of the personal property therein mentioned, then there should be a finding and judgment for the defendants."

There was a finding and judgment for the defendants, and the plaintiff has appealed and presented the question for the decision of this court.

We are of opinion that the will gave to Jane Dickson the specific personal property mentioned absolutely, and not for life merely.

The testator first devised to her a life-estate in the real property mentioned. Then he bequeathed to her the specific personal property mentioned, without restriction or limitation. The circumstance that the real estate was devised for life only, and the personal property bequeathed without limitation, throws some light upon the intention of the testator.

Stress is laid by the appellant upon the next clause in the will, viz.: "And I also order and direct that all my property, both personal and real, belonging to my estate at the death of my beloved wife, provided that she outlives me, shall be sold," etc. It is claimed by the appellant that the word "belonging" in the sentence "all my property, both personal and real, belonging to my estate," has reference to the time of making the will, or the testator's death, and that the direction to sell includes a direction to sell the property thus bequeathed to Jane; and hence that she could have but a life-estate in it. But we are of opinion that the word "belonging" has reference to the time when the sale is directed to be made, viz., at the death of the testator's wife; and that the direction to sell embraces such property only as might belong to the testator's estate at the time the sale is directed to be made. This would not include the property specifically bequeathed to Jane, for that would not then belong to the testator's estate.

It follows that the decision below was right.

The judgment below is affirmed, with costs.